FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 04 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COURT FILE NO. _____

| | |
|---|---|
| JONATHAN BAILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>ACCOUNTS RECEIVABLE<br>MANAGEMENT, INC.,<br>JANE DOE, and<br>JOHN DOE aka TIMOTHY O'BRIEN,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>1 10-cV-0001  |

## JURISDICTION

1. This action against defendants ACCOUNTS RECEIVABLE MANAGEMENT, INC., (Hereinafter "ARM"), JANE DOE, and JOHN DOE, aka TIMOTHY O'BRIEN (Hereinafter "JOHN DOE") arises from defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of debts.

2. Jurisdiction of in this court arises under 28 U.S.C. § 1331, "Federal Question" and pursuant to 15 U.S.C. § 1692k(d), "FDCPA jurisdiction".

3. Venue is proper in this district because the defendants transact business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff is a natural person residing in the State of Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ARM is a New Jersey corporation authorized to conduct business in the State of Georgia. At all times material hereto, ARM was acting as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). ARM may be served with process through its Registered Agent, CT Corporation, 1201 Peachtree St., NE, Atlanta, GA 30361.

6. Defendant JANE DOE, is a natural person whose true and correct name is not further known to plaintiff at this time, but when ascertained, will be added by way of amendment. At all times material hereto, JANE DOE was employed by ARM and acting as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant JOHN DOE, aka TIMOTHY O'BRIEN (hereinafter "JOHN DOE"), is a natural person whose true and correct name is not further known to plaintiff at this time, but when ascertained, will be added by way of amendment. At all times material hereto, JOHN DOE was employed by ARM and acting as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. At all times material hereto, each and every defendant was attempting to collect a past due amount allegedly owed by plaintiff on a Wachovia credit line account. The amount was incurred primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

9. During the above described telephone conversation, JANE DOE falsely stated that the debt included a forty-dollar fee for "...non-payment and being charged off to a collection

agency." JANE DOE further stated "Once you get a charge off for non-payment you get a fee for getting charged off. It's called a charge off fee."

10. During the above described telephone conversation, JANE DOE falsely stated that a payment of one cent ($0.01) was made on the debt sometime in year 2000.

11. During the above described telephone conversation, JANE DOE falsely stated that the account was charged off on July 24, 2009, and further "They just charged your account off. So no, there's no statute of limitations. If you owe it, you owe it and we can collect on it whenever."

## COUNT I

### VIOLATIONS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff repeats, realleges, and incorporates by reference paragraphs one through eleven above.

13. As a result of the acts and conduct described above, JANE DOE and JOHN DOE, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. Those defendants' violations include, but are not limited to, the following:

(a) Defendant JANE DOE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the debt; to wit, that a payment of $0.01 was made on the debt in year 2000;

(b) Defendant JANE DOE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the debt; to wit, plaintiff's alleged debt included a "charge off fee";

(c) Defendant JANE DOE violated 15 U.S.C. § 1692f(1) by attempting to collect a "charge off fee" when such fee is not expressly authorized by the agreement creating the subject debt or permitted by law;

(d) Defendant JANE DOE violated 15 U.S.C. § 1692e(2)(A) and (B) by falsely representing the character, amount, or legal status of the debt; to wit, that because the account was "charged off" in 2009, there is no statute of limitations applicable to the debt and that "We can collect on it whenever.";

(e) Defendant JOHN DOE violated 15 U.S.C. § 1692c(b) by communicating with third parties in connection with the collection of the debt without prior consent of the consumer given directly to the debt collector by leaving a message on plaintiff's voice mail service;

(f) Defendants JANE DOE and JOHN DOE violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect a debt including, but not limited to, those acts and conduct described above;

(g) Defendants JOHN DOE and JANE DOE violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt including, but not limited to, those acts and conduct described above.

## COUNT II

### RESPONDEAT SUPERIOR LIABILITY

14. Plaintiff repeats, realleges, and incorporates by reference paragraphs one through thirteen above.

15. The acts of defendants JANE DOE and JOHN DOE were committed within the course and scope of their employment with defendant ARM.

16. The acts of defendants JANE DOE and JOHN DOE were incidental to, or of the same general nature as, the acts each were authorized to perform by defendant ARM in collecting consumer debts.

17. By committing such acts, defendants JANE DOE and JOHN DOE were motivated to benefit their principal, defendant ARM.

18. Defendant ARM is liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts its employees, including but not limited, to violations of the FDCPA, in their attempts to collect a debt from Plaintiff.

## PRAYER FOR RELIEF

19. The foregoing acts of each defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to plaintiff.

20. As a result of each defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every defendant:

a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant;

  b. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every defendant;

  c. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every defendant;

  d. For such other and further relief as may be just and proper.

### TRIAL BY JURY

Plaintiffs are entitled to, and respectfully demand, a trial by jury. US Const. Amend. 7, Fed.R.Civ.P. 38.

Respectfully submitted,

Dated: January 4, 2009

**SOUTHEAST CONSUMER LAW GROUP**

By: /s/ Lawrence Silverman

Lawrence A. Silverman, Esq.
Ga. Bar No. 646120
3535 Roswell Rd., Suite 9
Marietta, GA 30062
Telephone: 770-973-2599, Ext. 207
Fax 404-935-5360

Attorney for Plaintiff

FILED IN CLERK'S OFFICE
U.S ...

JAN 04 2010

JAMES N. ..., CLERK
By: 

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

COURT FILE NO. _____

| | |
|---|---|
| JONATHAN BAILEY,<br><br>Plaintiff,<br>vs.<br><br>ACCOUNTS RECEIVABLE<br>MANAGEMENT, INC.,<br>JANE DOE, and<br>JOHN DOE aka TIMOTHY O'BRIEN,<br><br>Defendants. | 1 10-cv-0001<br><br>-MHS |

### VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA )
COUNTY OF Cobb )

Plaintiff, Jonathan Bailey, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

-2-

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Jonathan Bailey

Subscribed and sworn to before me this 30th day of December, 2009

_____
Notary Public